IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 2 6 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § | |
| Plaintiff, | § § | Civil Action No. **B- 0 2 - 1 6 3** |
| v. | § § | |
| HARLINGEN FAMILY DENTISTRY, P.C., | § § | COMPLAINT JURY TRIAL DEMAND |
| Defendant. | § § | |

## NATURE OF ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of
the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion and
retaliation, and to provide appropriate relief to Rosemary DeLeon, Griselda Garcia, Maria Carrizales
and a class of similarly situated employees, who were adversely affected by such practices. The
Equal Employment Opportunity Commission (the "Commission") alleges that Rosemary DeLeon,
Griselda Garcia, Maria Carrizales and a class of similarly situated employees were discharged
and/or subjected to other adverse employment actions in violation of Section 704(a) of Title VII by
the Harlingen Family Dentistry, P.C. ("HFD") for objecting to and/or refusing to attend employer-
mandated courses because they contained religious content.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343
and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII
of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and
Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Brownsville Division.

PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant HFD has continuously been a Texas corporation doing business in the State of Texas and the City of Harlingen, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant HFD has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, Rosemary DeLeon, Griselda Garcia and Maria Carrizales filed charges with the Commission alleging violations of Title VII by Defendant HFD. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Since at least October 1999, Defendant HFD has engaged in unlawful employment practices at its Harlingen, Texas, facility, in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a) by subjecting Rosemary DeLeon, Griselda Garcia, Maria Carrizales and other similarly situated employees to adverse employment actions including discharge for objecting to and/or

2

refusing to attend employer-mandated courses because they contained religious content. The mandatory courses included teachings about beliefs and practices espoused by the religion of Scientology which was founded by L. Ron Hubbard.

8.    The effect of the practices complained of in paragraph seven above has been to deprive Rosemary DeLeon, Griselda Garcia, Maria Carrizales and a class of similarly situated employees of equal employment opportunities and otherwise adversely affect their status as employees because of religion and retaliation.

9.    The unlawful employment practices complained of in paragraph seven above were intentional.

10.    The unlawful employment practices complained of in paragraph seven above were done with malice or with reckless indifference to the federally protected rights of Rosemary DeLeon, Griselda Garcia, Maria Carrizales and a class of similarly situated employees.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant HFD, its officers, successors, assigns, and all persons in active concert or participation with it, (1) from mandating courses that teach religious content; (2) from engaging in retaliation against employees who object to or refuse to attend such courses; and (3) from engaging in any employment practice which discriminates on the basis of religion and/or retaliation or which facilitates, condones, or encourages such discrimination;

B.    Order Defendant HFD to institute and carry out policies, practices, and programs which provide equal employment opportunities to individuals regardless of religious beliefs or

3

practices (or lack thereof) and regardless of participation in protected activity under Title VII, and which eradicate the effects of its past and present unlawful employment practices;

        C.      Order Defendant HFD to make whole Rosemary DeLeon, Griselda Garcia, Maria Carrizales and a class of similarly situated employees by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to the reinstatement of Rosemary DeLeon, Griselda Garcia and Maria Carrizales, or front pay in lieu thereof;

        D.      Order Defendant HFD to make whole Rosemary DeLeon, Griselda Garcia, Maria Carrizales and a class of similarly situated employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph seven above, including, but not limited to, relocation expenses, job search expenses, and medical expenses, in amounts to be determined at trial;

        E.      Order Defendant HFD to make whole Rosemary DeLeon, Griselda Garcia, Maria Carrizales and a class of similarly situated employees by providing compensation for past and future non pecuniary losses resulting from the unlawful employment practices described in paragraph seven above, including but not limited to emotional pain and suffering, humiliation, emotional distress, anxiety, inconvenience, and loss of enjoyment of life, in an amount to be determined at trial;

        F.      Order Defendant HFD to pay Rosemary DeLeon, Griselda Garcia, Maria Carrizales and a class of similarly situated employees punitive damages for its malicious and reckless conduct described in paragraph seven above, in amounts to be determined at trial;

        G.      Grant such further relief as the Court deems necessary and proper in the public

interest; and

H.    Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated:                                    Respectfully submitted,

                                          GWENDOLYN YOUNG REAMS
                                          Associate General Counsel


                                          ROBERT B. HARWIN
                                          Regional Attorney
                                          D.C. State Bar No. 0760873


                                          JUDITH G. TAYLOR
                                          Supervisory Trial Attorney
                                          Texas State Bar No. 19708300


                                          EDWARD JUAREZ
                                          Trial Attorney
                                          Texas State Bar No. 24014498

                                          EQUAL EMPLOYMENT OPPORTUNITY
                                              COMMISSION
                                          San Antonio District Office
                                          5410 Fredericksburg Rd., Ste. 200
                                          San Antonio, Texas 78229-3555
                                          Telephone: (210) 281-7613
                                          Telecopier: (210) 281-7669

                                          ATTORNEYS FOR PLAINTIFF

5